IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LEVI LUGINBYHL,                                    )
                                                   )
                    Plaintiff,                     )
                                                   )
v.                                                 )        Case No. CIV-26-00497-JD
                                                   )
RED ROCK CORRECTIONS CENTER                        )
et al.,                                            )
                                                   )
                    Defendants.                    )

## ORDER

Before the Court is United States Magistrate Judge Amanda L. Maxfield's Report and Recommendation ("R. & R.") [Doc. No. 6], to which Plaintiff Levi Luginbyhl ("Plaintiff") did not file objections. As discussed below, the Court accepts and adopts the R. & R.

Plaintiff, proceeding *pro se*, filed this case against various defendants, including Red Rock Correctional Center, where he is incarcerated. [Doc. No. 1]. The Court referred this action to Judge Maxfield for preliminary proceedings under 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 5].

The R. & R. recommends denying Plaintiff's Application for Leave to Proceed In Forma Pauperis [Doc. No. 2] and dismissing the action without prejudice if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of Court within 21 days of this order. [Doc. No. 6 at 5]. The R. & R. based its recommendation upon Plaintiff's accumulation of three strikes under the Prison Litigation Reform Act's three strikes provision and that Plaintiff does not satisfy the imminent-danger exception to that provision. [*Id.* at 2–4].

The R. & R. advised Plaintiff of his right to object by April 13, 2026, and warned that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.* at 5]. Plaintiff did not file an objection.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives his right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

Plaintiff did not file an objection to the R. & R. by the deadline and thus waived his right to challenge the recommended disposition. Plaintiff did not file anything in response to the R. & R. or seek an extension of time to do so. "The waiver rule as a procedural bar need not be applied when the interests of justice so dictate." *Moore*, 950 F.2d at 659. However, considering the factors, the interests of justice do not warrant an exception to the waiver rule in this case. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (explaining that the court may grant relief from the waiver rule for failure to timely object to the magistrate judge's report and recommendation in the "interests of justice" by considering factors such as a *pro se* litigant's effort to comply,

the force and plausibility of the explanation for the party's failure to comply, and the importance of the issues raised).

Accordingly, for the above reasons, the Court ACCEPTS and ADOPTS the R. & R. [Doc. No. 6]. The Court, therefore, DENIES Plaintiff's Application for Leave to Proceed In Forma Pauperis. [Doc. No. 2]. The Court will dismiss this action without prejudice to refiling if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within 21 days of this Order, or by **June 1, 2026**. *See* LCvR3.3(e).

IT IS SO ORDERED this 11th day of May 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

3